Dear Mayor Wycoff:
I am in receipt of your opinion request in which the following questions pertaining to a mayor's court were presented:
 (1) Is the court required to supply the form which enables a person to file an appeal;
 (2) Is the court required to complete the form;
 (3) When is the appeal legally effective;
 (4) Who is responsible for confirmation that the appeal was filed; and
 (5) Can the court require payment of the fine or court cost until appeal is filed?
The provisions of the Louisiana City and Municipal Courts Laws, LSA-R.S. 13:1896 et seq., govern our response. LSA-R.S.13:1896 provides in pertinent part:
 Mayor's courts and justice of the peace courts. (1) In criminal cases, the district courts have appellate jurisdiction over all appeals from orders of justices of the peace requiring a peace bond, and, except as otherwise provided by law, over all appeals from a mayor's court where a person has been subjected to imprisonment or a forfeiture of rights or property. Appeals from mayor's courts and justice of the peace courts, as provided for herein, shall be tried de novo. Any forfeiture or penalties collected by the district court on appeal from a conviction of a municipal ordinance shall be distributed and disbursed to the municipality.
 (2) Appeals in all criminal cases tried in mayor's courts and from orders of a justice of the peace requiring a peace bond shall be taken within the time prescribed in the Louisiana Code of Criminal Procedure.
 C. Return of appeals. Appeals to the supreme court shall be returnable within not less than fifteen days nor more than sixty days after the order of appeal. Appeals to the district courts shall be returnable within not less than fifteen days nor more than thirty days after the order of appeal.
 (3) When an appeal has been taken under the provisions of this Section from a decision rendered in a mayor's court or in a justice of the peace court, the district court shall provide written notice of the appeal to the mayor's court or the justice of the peace court. The date on which the appeal is set for hearing shall not be less than fifteen days after the notice is mailed to the district court. The notice shall include the date, time, and location of the hearing of the appeal.
According to LSA-R.S. 13:1896, the district courts have appellate jurisdiction over all appeals from a mayor's court where a person has been subjected to imprisonment or a forfeiture of rights or property. Additionally, the statute provides that appeals in all criminal cases tried in a mayor's court shall be taken within the time prescribed in the Louisiana Code of Criminal Procedure.
Article 914 of the Louisiana Code of Criminal Procedure governs the method and time for appeal. Therein, note that a motion for an appeal may be made orally in open court or by filing a written motion with the clerk no later than five days after the rendition of the judgment or ruling from which the appeal is taken.
Thus, in response to questions (1) and (2), the law does not require the court to issue any form which would allow a person to appeal, nor does it require the court to complete any such form. The burden of conforming with article 914 is on the party moving for the appeal and not on the court.
In response to question (3), the appeal becomes legally effective when the motion for appeal is made orally in open court or when the written motion is filed with the clerk of court no later than five days after the rendition of the judgment being appealed. Again, the burden is on the moving party to act in conformity with the article or risk final judgment and lose the right to appeal.
Question (4) is governed by LSA-R.S. 13:1896(3), referenced above. It provides that when an appeal has been taken under the provisions of LSA-R.S. 13:1896, from a decision rendered in a mayor's court or in a justice of the peace court, the district court shall provide written notice of the appeal to the mayor's court or the justice of the peace court.
Question (5) has been addressed in a previous attorney general opinion. A mayor's court cannot require the payment of a fine or penalty by a defendant or the forfeiture of any right or property he may possess while an appeal is pending. La. Atty. Gen. Op. No. 82-947. Thus, the court may not require payment until the delays for appeal have prescribed. However, any forfeiture or penalties collected by the district court on appeal from a conviction of a municipal ordinance shall be distributed and disbursed to the municipality. LSA-R.S. 13:1896.
Moreover, if no appeal is pending, the mayor's court can collect the unpaid fines through the procedure outlined in LSA-C.Cr.P. Art. 886, which governs the enforcement of fines by civil process. LSA-C.Cr.P. Art. 886 provides:
 A. In the event of nonpayment of a fine, or of a fine and costs, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine plus judicial interest to begin sixty days after the sentence was imposed, plus all cost of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court. Collection of the judgment may be enforced in either criminal or civil court in the same manner as a money judgment in a civil case. In addition, particular courts may provide by court rule for enforcement by the filing of an offset claim against the defendant, in accordance with R.S. 47:299.1 through 299.19.
 B. The provisions of Paragraph A of the Article shall apply to all fines and costs due and owing, regardless of whether they become due and owing prior to September 6, 1991.
Thus, the mayor's court may collect the unpaid fine by signing a judgment against the defendant in either criminal or civil court to be enforced in the same manner as a money judgment in a civil case.
I hope the above has addressed your concerns. Should you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR.
ASSISTANT ATTORNEY GENERAL